UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:00cr445-015 |
| ) |  |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) |  |
| v. ) |  |
| ) |  |
| RONALD BROWN, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) |  |

This matter comes before the Court upon Defendant, Ronald Brown's "Motion to Reduce Supervised Release Pursuant to 3582(c)(2) Requesting Modification of Sentence Based on Amendment Nine and 1B1.10 of U.S.S.G.." (ECF #758) . Defendant was originally sentenced to a term of 92 months for his underlying conviction. He was released from prison and began supervision (pursuant to a four year term of supervised release established at his oringinal sentencing) in September of 2007. He is currently serving a 24-month term in prison for various violations of the conditions of his supervised release, including (among others) arrests for drug possession, carrying a concealed weapon, possession of criminal tools, and failure to report his arrests and subsequent detention. This term of imprisonment runs concurrent with his sentence in Case No. 1:08 CR 83.[1]

Section 1B1.10, which defines the circumstances under which a sentence may be reduced

---

[1] No reduction in the sentence for his conviction in Case N. 1:08 CR 83 would be appropriate because the amended guidelines, even if applicable, were already in effect and would have been considered at his sentencing in that case.

based on the retroactive amendment concerning sentences imposed for convictions based on crack cocaine, does not apply to reduce sentence imposed for violations of supervised release. "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. §1B1.10 App. Note 4(A). Courts around the country, including those in this Northern District of Ohio have, therefore, denied motions for reduction of sentences imposed for violations of supervised release, even when supervised release was imposed following a conviction for possessing or distributing crack cocaine. See, e.g., United States v. Forman, 553 F.3d 585, 588-89 (7th Cir. 2009)(per curium); United States v. Fontenot, 583 F.3d 743, 744-45 (10th Cir. 2009); United States v. Rivera, 332 Fed. Appx. 575, 2009 WL 1582904 (11th Cir. 2009)(per curium); United States v. Wooley, 2008 WL 5397767 (N.D. Ohio Dec. 24, 2008).

The language and intent of U.S.S.G. §1B1.10 are clear. No reduction is warranted for a sentence imposed for a violation of supervised release, even if supervised release was originally imposed based on a crack cocaine conviction that would, itself, have been eligible for the reduction in sentence. For the reasons set forth above, the Defendant's Motion is hereby, DENIED. IT IS SO ORDERED.

*(signature)*
DONALD C. NUGENT
United States District Judge

DATED: *February 12, 2010*